## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **BONNIE MOUBSIRE**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **Case No.  8:22-cv-756** |
| **741 SOUTH BENEVA ROAD OPERATIONS, LLC, D/B/A BENEVA LAKES HEALTHCARE AND REHABILITATION CENTER**, a Florida limited liability company, | **Judge:** |
| | **Mag. Judge:** |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **BONNIE MOUBSIRE** ("**MOUBSIRE**" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.     This is an action brought under the Family & Medical Leave Act (FMLA), the Americans with Disabilities Act (ADAAA), and the Florida Civil Rights Act (FCRA) for (1) interference in violation of the FMLA, (2) retaliation in violation of the FMLA, (3) disability discrimination in violation of the ADAAA, (4) disability discrimination in violation of the FCRA, (5) retaliation in violation of the ADAAA, and (6) retaliation in violation of the FCRA.

1

## PARTIES

2.     The Plaintiff, **BONNIE MOUBSIRE** ("**MOUBSIRE**") is an individual and a resident of Florida who at all material times resided in Sarasota County, Florida. At all material times, **MOUBSIRE** performed work primarily in Sarasota County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **MOUBSIRE** was an employee within the contemplation of the FMLA, ADAAA, and FCRA. Venue for this action lies in the Middle District of Florida, Tampa Division.

3.     The Defendant, **741 SOUTH BENEVA ROAD OPERATIONS, LLC** ("**BENEVA**" or "Defendant") does business as "BENEVA LAKES HEALTHCARE AND REHABILITATION CENTER" and is a Florida limited liability company with a principal place of business in Sarasota County, Florida. **BENEVA** was **MOUBSIRE**'s employer within the meaning of the FMLA, ADAAA, and FCRA as it employs in excess of 50 employees.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction of this matter under 28 U.S.C. §1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

5.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Sarasota County, Florida, which is within the Middle District of Florida. Venue

2

is proper in the Tampa Division under Local Rule 1.04 since the action accrued primarily in Sarasota County, which is within the Tampa Division.

## GENERAL ALLEGATIONS

6.  **MOUBSIRE** began her employment with the Defendant in November 2015, and was employed as a case manager.

7.  **MOUBSIRE** performed her assigned duties in a professional manner and was very well qualified for her position. In fact, **MOUBSIRE** always received fully successful to exceptional performance reviews from the Defendant prior to developing a disability and requesting reasonable accommodations.

8.  **MOUBSIRE** was a qualified person with a disability, and thus a member of a protected class, as she suffers from impairments of the cardio-pulmonary system.

9.  **MOUBSIRE**'s impairments impact her ability to perform major life activities, such as breathing and working when not in remission.

10.  **MOUBSIRE** has a history of these impairments that limits major bodily functions and several major life activities. **MOUBSIRE**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

11.  In August 2020, **MOUBSIRE** tested positive for COVID-19 and required brief leave in order to recover from the disease.

12.  On September 20, 2020, **MOUBSIRE** attempted to return to work in person but was unable to do so due to comorbidities, specifically impairments of

the cardio-pulmonary system that were aggravated by the COVID-19 infection and the Defendant's refusal to follow the CDC's COVID-19 protocols.

13.     As a result, **MOUBSIRE** requested other forms of reasonable accommodations such as (a) following the CDC's COVID-19 protocols, (b) working from home (because she could perform all of the essential functions of her position from home) and/or (c) adjusted work hours (so that she could physically attend at work but during hours when fewer people would be together in confined spaces).

14.     The Defendant arbitrarily denied these requests for reasonable accommodation and instead involuntarily placed **MOUBSIRE** on FMLA leave and refused to allow her to take only intermittent FMLA leave.

15.     Rather than grant **MOUBSIRE**'s requests for reasonable accommodations, the Defendant terminated her employment under the auspices of having exhausted her FMLA leave.

16.     At all material times, the Defendant was aware of **MOUBSIRE**'s disability and engagement in statutorily protected activity, and consequently, her protected classes, which form the basis for its discriminatory employment practices toward her.

## <u>COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT</u>
## <u>("FMLA")- INTERFERENCE</u>

17.     The Plaintiff hereby incorporates by reference Paragraphs 1-16 in this Count by reference as though fully set forth below.

18.     **MOUBSIRE** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she began suffering from a serious health condition, **MOUBSIRE** had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

19.     **MOUBSIRE** informed the Defendant of her likely need for leave for her serious health condition.

20.     The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

21.     If the Defendant were to have decided that **MOUBSIRE**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

22.     The Defendant has never provided **MOUBSIRE** with any notice disqualifying her FMLA leave.

23.     In fact, the Defendant should have determined that **MOUBSIRE** was eligible for leave under the FMLA and yet refused to allow her intermittent leave and return her to work, thus terminating her employment because of her request for federally protected medical leave.

24.     **MOUBSIRE** engaged in activity protected by the **FMLA** when she requested intermittent leave due to her serious health conditions, consistently informing the Defendant of the same.

25.     The Defendant knew, or should have known, that **MOUBSIRE** was exercising her rights under the FMLA and was aware of **MOUBSIRE**'s need for FMLA-protected absence.

26.     **MOUBSIRE** complied with all of the notice and due diligence requirements of the FMLA.

27.     The Defendant was obligated, but failed, to allow **MOUBSIRE** to take FMLA leave and to return **MOUBSIRE**, an employee who requested intermittent FMLA leave, to her former position or an equivalent position with the same pay, benefits, and working conditions when he tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

28.     A causal connection exists between **MOUBSIRE**'s request for FMLA-protected leave and her termination from employment with the Defendant because the Defendant denied **MOUBSIRE** a benefit to which she was entitled under the FMLA.

29.     As a result of the above-described violations of FMLA, **MOUBSIRE** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

30.     The Plaintiff hereby incorporates by reference Paragraphs 1-16 in this Count by reference as though fully set forth below.

31.     **MOUBSIRE** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she suffered from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and **MOUBSIRE** worked more than 1,250 hours in the preceding 12 months of employment with the Defendant.

32.     **MOUBSIRE** informed the Defendant of her need for intermittent leave due to her serious health conditions.

33.     The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

34.     If the Defendant were to have decided that **MOUBSIRE**'s expected absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

35.     The Defendant has never provided **MOUBSIRE** with any notice disqualifying her FMLA leave.

36.     In fact, the Defendant determined that **MOUBSIRE** was eligible for leave under the FMLA but then terminated her employment because of her request for federally protected medical leave and reinstatement.

37.     **MOUBSIRE** engaged in activity protected by the **FMLA** when she requested intermittent leave due to her serious health conditions and reinstatement, consistently informing the Defendant of the same.

38.     The Defendant knew that **MOUBSIRE** was exercising her rights under the FMLA.

39.     **MOUBSIRE** complied with all of the notice and due diligence requirements of the FMLA.

40.     A causal connection exists between **MOUBSIRE**'s request for FMLA-protected leave and reinstatement and the Defendant's termination of her employment.

41.     The Defendant retaliated by altering the terms and conditions of **MOUBSIRE**'s employment by terminating **MOUBSIRE**'s employment because she engaged in the statutorily protected activity of requesting, taking and demanding reinstatement from FMLA leave. The Defendant terminated her because she engaged in this statutorily protected activity.

42.     The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **MOUBSIRE**'s employment because she engaged in activity protected by the FMLA. As a result of the above-described violations of FMLA, **MOUBSIRE** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT III – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

43.    The Plaintiff hereby incorporates by reference Paragraphs 1-16 in this Count by reference as though fully set forth below.

44.    At all relevant times, **MOUBSIRE** was an individual with a disability within the meaning of the ADAAA.

45.    Specifically, **MOUBSIRE** has physical impairments that substantially limit one or more major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

46.    **MOUBSIRE** is a qualified individual with disabilities as that term is defined in the ADAAA.

47.    **MOUBSIRE** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of the job with Defendant.

48.    At all material times, **MOUBSIRE** was an employee and Defendant was her employer covered by and within the meaning of the ADAAA.

49.    Defendant was made aware and was aware of **MOUBSIRE**'s disabilities, which qualify under the ADAAA.

50.    Defendant discriminated against **MOUBSIRE** with respect to the terms, conditions, and privileges of employment because of her disabilities.

51.     Defendant conducted itself with malice or with reckless indifference to **MOUBSIRE**'s federally protected rights.

52.     Defendant discriminated against **MOUBSIRE** in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

53.     The conduct of Defendant altered the terms and conditions of **MOUBSIRE**'s employment and **MOUBSIRE** suffered negative employment action in the form of discipline and termination.

54.     As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **MOUBSIRE** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

55.     As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MOUBSIRE** is entitled to all relief necessary to make her whole.

56.     As a direct and proximate result of the Defendant's actions, **MOUBSIRE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

57.   **MOUBSIRE** has exhausted her administrative remedies and this count was timely brought. (*See* Exhibit A).

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.   Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees;

ii.   Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.   Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.   Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.   Reasonable attorney's fees plus costs;

vii.   Compensatory damages;

viii.   Punitive damages, and;

ix.   Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

58.     The Plaintiff hereby incorporates by reference Paragraphs 1-16 in this Count by reference as though fully set forth below.

59.     At all relevant times, **MOUBSIRE** was an individual with a disability within the meaning of the FCRA.

60.     Specifically, **MOUBSIRE** has physical impairments that substantially limit one or more major life activities, has a record of the impairment, and is regarded by the Defendant as having such impairments.

61.     **MOUBSIRE** is a qualified individual with disabilities as that term is defined in the FCRA.

62.     **MOUBSIRE** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of her own job with Defendant.

63.     At all material times, **MOUBSIRE** was an employee and Defendant was her employer covered by and within the meaning of the FCRA.

64.     Defendant was made aware and was aware of **MOUBSIRE**'s disabilities, which qualify under the FCRA.

65.     Defendant discriminated against **MOUBSIRE** with respect to the terms, conditions, and privileges of employment because of her disabilities.

66.     Defendant conducted itself with malice or with reckless indifference to **MOUBSIRE**'s protected rights under Florida law.

67.     Defendant discriminated against **MOUBSIRE** in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

68.     The conduct of Defendant altered the terms and conditions of **MOUBSIRE**'s employment and **MOUBSIRE** suffered negative employment action in the form of discipline and termination.

69.     As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **MOUBSIRE** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

70.     As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MOUBSIRE** is entitled to all relief necessary to make her whole.

71.     As a direct and proximate result of the Defendant's actions, **MOUBSIRE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

72.     **MOUBSIRE** has exhausted her administrative remedies and this count was timely brought. (*See* Ex. A).

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all disability discrimination of all employees;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.    Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.     Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.     Reasonable attorney's fees plus costs;

vii.    Compensatory damages;

viii.   Punitive damages, and;

ix.     Such other relief as this Court shall deem appropriate.

## COUNT V – VIOLATION OF THE ADAAA- RETALIATION

73.     Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

74.     Following **MOUBSIRE**'s request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of her employment by terminating **MOUBSIRE**.

75.     Said protected activity was the proximate cause of Defendant's negative employment actions against **MOUBSIRE** including changed working conditions, discipline, and ultimately termination.

76.     Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **MOUBSIRE** via changed working conditions, discipline, and termination.

77.     The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADAAA.

78.      As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **MOUBSIRE** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

79.     As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, and as a direct and proximate result of the prohibited

acts perpetrated against her, **MOUBSIRE** is entitled to all relief necessary to make her whole as provided for under the ADAAA.

80.     As a direct and proximate result of Defendant's actions, **MOUBSIRE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

81.     **MOUBSIRE** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.     Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.     Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v.    Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.    Reasonable attorney's fees plus costs;

vii.    Compensatory damages;

viii.    Punitive damages, and;

ix.    Such other relief as this Court shall deem appropriate.

## COUNT VI – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992-RETALIATION

82.    Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

83.    Following **MOUBSIRE**'s request for reasonable accommodation, Defendant retaliated by altering the terms and conditions of her employment by terminating **MOUBSIRE**.

84.    Said protected activity was the proximate cause of Defendant's negative employment actions against **MOUBSIRE** including changed working conditions, discipline, and ultimately termination.

85.    Instead of ceasing its disparate treatment based upon disability, Defendant retaliated against **MOUBSIRE** via changed working conditions, discipline, and termination.

18

86.    The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

87.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **MOUBSIRE** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

88.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **MOUBSIRE** is entitled to all relief necessary to make her whole as provided for under the FCRA.

89.    As a direct and proximate result of Defendant's actions, **MOUBSIRE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

90.    **MOUBSIRE** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.      Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.      Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.      Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.      Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.      Reasonable attorney's fees plus costs;

vii.      Compensatory damages;

viii.      Punitive damages, and;

ix.      Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **BONNIE MOUBSIRE**, by and through her undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

20

Respectfully submitted,

Dated: March 31, 2022          **/s/ Benjamin H. Yormak**
                              Benjamin H. Yormak
                              Florida Bar Number 71272
                              Lead Counsel for Plaintiff
                              YORMAK EMPLOYMENT & DISABILITY LAW
                              27200 Riverview Center Blvd., Suite 109
                              Bonita Springs, Florida 34134
                              Telephone: (239) 985-9691
                              Fax: (239) 288-2534
                              Email: byormak@yormaklaw.com